WILLSON & ADAMS CO. v. MACK PAVING & CONSTRUCTION CO. et al.

(Supreme Court, Appellate Division, Second Department. November 28, 1911.)

MUNICIPAL CORPORATIONS (§ 370*)—SEWER IMPROVEMENTS — MECHANICS' LIENS.

> Under a contract for a sewer improvement, providing for monthly payments of 85 per cent. of the estimated value of the work performed, etc., and under a subcontract, providing for payments of proportionate amounts to the subcontractor, based on the main contract, he cannot, after having received such proportionate payments and abandoned the contract, recover on the theory that the general contractor was not paid as much as he should have been.

> [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 370.*]

Appeal from Trial Term, Westchester County.

Action by the Willson & Adams Company against the Mack Paving & Construction Company and others. From the judgment, certain defendants appeal. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and THOMAS, JJ.

L. Laflin Kellogg (Alfred C. Pette, on the brief), for appellants.
Arthur M. Johnson, for respondent Willson & Adams Co.
Charles Trosk (Otto C. Sommerich, on the brief), for respondent Hazard Manufacturing Co.
William H. Harding, for respondent Moore.

HIRSCHBERG, J. The action is brought to foreclose a mechanic's lien filed by the plaintiff for materials furnished to the respondent Thomas F. Moore, who was a subcontractor under the appellant Mack Paving & Construction Company in the building of a sanitary trunk sewer and outlet in the Bronx River valley in the county of Westchester. The contract for the construction of the sewer was executed by the defendants constituting the Bronx Valley Sewer Commission, created by chapter 646 of the Laws of 1905, as amended by chapter 747 of the Laws of 1907, and the Mack Paving & Construction Company as general contractor. This contract was made in the latter part

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of 1907 or the beginning of 1908. The subcontract between the main contractor, the said Mack Paving & Construction Company, and the defendant Thomas F. Moore, was executed in September following; such subcontract relating only to the construction of a portion of the sewer. The plaintiff's lien was the first lien filed, and the defendants, other than the appellants and the members of the commission, are other lienors, whose liens, as well as the liens of the plaintiff, have been allowed by the judgment appealed from.

The respondent Moore abandoned his work on or about the 20th of March, 1909, under a claim made by him that he was not being paid under the subcontract the full amount to which he was entitled as the work progressed. The judgment allows. him his claim in full, including, of course, the claim of the plaintiff for the materials furnished him by the latter; and the main controversy relates to the question whether, under the law and facts, he was entitled to abandon the work and recover the amount allowed in the judgment. The solution of the question depends upon the construction to be placed on the terms of the original contract and the subcontract.

By the original contract it was provided that payments would be made to the contractor by monthly installments of 85 per cent. of the estimated value of the work performed, provided the work is being prosecuted in conformity with the provisions of the contract as interpreted by the engineer, and by a final payment when the work shall have been fully completed and such completion shall have been duly certified by the engineer. The subcontract referred to provides that the moneys to be paid to Moore shall be payable according to the terms and conditions of the original contract, and shall be based upon the prices prevailing in the subcontract, Moore to receive a payment whenever under the terms of the original contract the Mack Paving & Construction Company receives a payment; such payment to Moore being a proportionate amount of the money so received by the Mack Paving & Construction Company, proportioned in the ratio of the prices at which Moore is to do the work. The abandonment of the work by Moore was because of a belief on his part that the engineer was not allowing to the Mack Paving & Construction Company as large a sum in the approximate monthly estimates as he should have done. There is no claim, however, that the estimates were made fraudulently, in bad faith, or by collusion or improper motive or conduct of any kind; and it was conceded that at the time he abandoned the work Moore had been paid in. full the proper proportionate amount of the certificates rendered to the Mack Paving & Construction Company and of the money actually paid to that company in accordance with the monthly approximate estimates of the engineer. He testified at the trial on that subject as follows:

"Q. Did you think that the Mack Paving & Construction Company were not paying you the amount you were entitled to out of the certificates? A. No; I took their word for it. I presumed it was a correct copy. I never compared them. They said they were paying me all that they were getting certified for. I believed it. I believe it now."

It does not appear that the estimates of the engineer were based upon an erroneous construction of any provision of the original con-

tract, nor was there an unreasonable refusal to furnish a certificate. The payments to be made monthly were not to be final or strictly accurate, but were, as has been said, approximate only; and it seems clear that when made in good faith, and accepted in good faith by the main contractor, they were binding and conclusive for the time being in estimating the amount of monthly payments to be made under the subcontract. This conclusion appears to be amply supported by authorities.

In Smith v. Mayor, 12 App. Div. 391, 42 N. Y. Supp. 522, it was held that, where a contract provided that the contractor shall be bound by the final certificate of the engineer in charge of the work, such certificate, in the absence of proof of corruption, bad faith, or misconduct on the part of the engineer, is conclusive, unless a palpable mistake appears on the face of the certificate. It was therein held that, in the face of such a certificate relative to the quantity of filling done, the contractor could not be allowed to show that the bottom line or level of the proposed filling was established by an erroneous method which fixed the line at a point higher than its true place. The authority is peculiarly applicable to the case at bar, as the criticism of the certificates of the engineer, on the trial and in the brief, relates only to the method adopted by him in measuring the depth of the excavation for the sewer.

In Camden Iron Works v. City of New York, 104 App. Div. 272, 93 N. Y. Supp. 754, a somewhat similar question was presented. In that case a contractor with the city, who was to furnish pipe and castings for certain work, the quality to be determined by inspectors appointed by the city, was held bound by the rejection of pipe by such inspectors, in the absence of any proof of bad faith on the part of the latter. To the same general effect are Becker v. Woarms, 72 App. Div. 196, 76 N. Y. Supp. 438, Jones v. City of New York, 60 App. Div. 161, 70 N. Y. Supp. 46, affirmed on opinion below 174 N. Y. 517, 66 N. E. 1113, and Mahoney v. Oxford Realty Co., 133 App. Div. 656, 118 N. Y. Supp. 216.

Where a certificate has been unreasonably refused, or where a final certificate falls short of the amount to which a contractor would be entitled under the terms of his contract, fairly construed, a different question is presented. The case now presented is one wherein a subcontractor, who by the express terms of his subcontract was to be paid monthly only a proportionate part of the money actually paid to the main contractor, and who admits that he has been paid the same in full, has abandoned the contract altogether, and has yet been allowed to recover more than the proportion of the money due him, on the theory that the party with whom he has contracted has not been paid as much as he should have been. I know of no reason or authority in support of such a proposition.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.